IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALVIN WASHINGTON,
    Plaintiff,

v.

SGT. MATTHEW SCHAPPELL, et al.
    Defendants.

CIVIL ACTION NO. 18-CV-3322

FILED AUG 0 8 2018
KATE BARKMAN, Clerk
By_____: ___Dep. Clerk

### MEMORANDUM

SÁNCHEZ, C.J.                                                                                                             AUGUST 8th, 2018

*Pro se* Plaintiff Alvin Washington, a State inmate currently incarcerated at SCI Houtzdale, filed this civil action pursuant to 42 U.S.C. § 1983 against City of Reading Police Officers Sgt. Matthew Schappell, James Demsko, and Craig Christman, as well as John Doe, the owner and manager of Vince's Towing in Reading. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 3.) For the following reasons, the Court will grant Washington leave to proceed *in forma pauperis* and dismiss his Complaint.

**I. FACTS**

On September 18, 2013, Washington was taken into custody by Reading police officers. (Compl. at 5.)[1] That same day, Sgt. Schappell seized Washington's "2001 Toyota Avalon LX . . . and failed to serve [Washington] properly with a warrant for the search and s[ei]zure of the vehicle." (*Id.* at 13.) He also claims that Sgt. Schappell did not notify him of the seizure. (*Id.*) Officer James Demsko assisted Sgt. Schappell with the search and seizure. (*Id.*)

Washington contends that on October 3, 2013, Officer Craig Christman failed to properly notify him of the seizure of his vehicle because he "sent certified mail of notice to

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

[Washington's] former address . . . while [Washington] remained in custody at the Berks County Jail since his 9/28/13 arrest." (*Id.*) Washington claims that Officer Christman "knew or should have known that [he] was in custody at the Berks County Jail." (*Id.*) Washington further faults John Doe, the owner of Vince's Towing, for notifying him that Doe was in possession of the vehicle. (*Id.*) According to Washington, the Reading Police Department "surrendered the possessory interest of the . . . vehicle on 12/9/13 to Vince's Towing without notice" to him. (*Id.* at 14.) Washington notes that he "[p]etitioned Berks County Court of Common Pleas for the return of property on 10/19/15 when [he] became aware of the s[ei]zure of [his] vehicle." (*Id.* at 9.) The Court of Common Pleas ruled adversely to Washington. Ultimately, the Superior Court of Pennsylvania dismissed his case on December 21, 2017 because of an "untimely filing of appeal." (*Id.*)

Washington brings suit against the Defendants in their official capacities for violations of his Fourth and Fourteenth Amendment rights "for the s[ei]zure and forf[ei]ture of [his] vehicle failing to give notice and opportunity to be heard." (*Id.* at 4-5.) As relief, Washington seeks $9,800.00 for the value of his vehicle and the value of all property that was in the vehicle at the time of seizure. (*Id.* at 6.) He also asks that the Defendants "pay all costs and fees" and pay punitive damages in the amount of $20,000.00. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Washington leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

---

[2] However, because Washington is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(b).

2

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Washington is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Pennsylvania's two-year limitations period applies to Washington's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). His claims accrued when he "ha[d] a complete and present cause of action, that is, when [he could] file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

The limitations period may be tolled in accordance with Pennsylvania law, which applies to Washington's § 1983 claims unless inconsistent with federal law. *Dique*, 603 F.3d at 185. Pennsylvania allows for tolling based on the "discovery rule," which "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause," *Beauty Time, Inc. v. VU Skin Sys., Inc.*, 118 F.3d 140, 144 (3d Cir. 1997) (quotations omitted), and based on fraudulent concealment. *See* 42 Pa. Cons. Stat. § 5504; *see also Aivazoglou v. Drever Furnaces*, 613 A.2d 595, 598 (Pa. Super. Ct. 1992). "Under Pennsylvania's fraudulent concealment doctrine, the statute of limitations is tolled where the defendant undertakes an 'affirmative and independent act of concealment that would prevent the plaintiff from discovering the injury despite the exercise of reasonable diligence.'" *Barren v. Allegheny Cty. Pennsylvania*, 607 F. App'x 130, 131–32 (3d Cir. 2015) (per curiam) (quoting *Bohus v. Beloff*, 950 F.2d 919, 926 (3d Cir. 1991)).

Federal law allows for tolling in "three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Federal tolling law, like Pennsylvania tolling law, requires a plaintiff to exercise reasonable diligence in investigating and bringing his claims. *See, e.g., McPherson v. United States*, 392 F. App'x 938, 945 (3d Cir. 2010).

Here, Washington's claims accrued when his property was seized without due process, *i.e.*, in December of 2013 when "possessory interest" of his vehicle was surrendered to Vince's Towing without Washington having been properly notified. Washington asserts, however, that he was unaware of the seizure until October of 2015, when he moved for the return of his

4

property in the Court of Common Pleas for Berks County. Arguably, under the discovery rule, Washington is entitled to tolling of the limitations period from December of 2013 until October of 2015, when he learned of the seizure. Thus, Washington would have needed to file his Complaint by October of 2017 for his claims to be timely. He did not do so, as he filed his Complaint on or about August 3, 2018.[3] Nothing in the Complaint suggests that Washington is entitled to tolling for the period from October of 2015 through August 3, 2018, as he specifically states that he learned of the seizure in October of 2015. Thus, it appears that Washington failed to exercise reasonable diligence during that time. The Court will therefore dismiss Washington's case as time-barred.[4] *See Shalhoub v. Depreta*, 439 F. App'x 106, 108 (3d Cir. 2011) (per curiam) (affirming dismissal of complaint under § 1915 because plaintiff's "lack of diligence in investigating his claims and filing his complaint [was] fatal to his equitable tolling argument.").

---

[3] As the Court has noted, under the prison mailbox rule, a prisoner's complaint is considered filed at the time he gives it to prison authorities for mailing to the Court. *See Houston*, 487 U.S. at 276. Here, Washington did not date his Complaint. (*See* Compl. at 12.) The envelope in which it was mailed, however, has a postmark of August 3, 2018. (ECF No. 2-1.) Even assuming that Washington gave his Complaint to prison authorities for mailing a few days prior to August 3, 2018, his Complaint is still untimely.

[4] Washington's official capacity claims against the Defendants also fail as a substantive matter. The Eleventh Amendment bars a party from seeking monetary damages from a state or state official acting in his or her official capacity unless "waiver by the State or valid congressional override" has occurred. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1984) ("[T]he Eleventh Amendment bars a damages action against a State in federal court[, and t]his bar remains in effect when State officials are sued for damages in their official capacity." (alteration in original)). The Commonwealth of Pennsylvania has expressly declined to waive such immunity, *see Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000), and the Supreme Court has held that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity," *Graham*, 473 U.S. at 169 n.17. Moreover, nothing in Washington's Complaint suggests that John Doe, the owner and manager of Vince's Towing, is a state actor subject to liability under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

5

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Washington leave to proceed *in forma pauperis* and dismiss his Complaint. Washington will not be permitted to file an amended complaint as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**JUAN R. SANCHEZ, C.J.**